# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| Zurich American Insurance Company, ) | C/A No.: 3:10-2403-JFA | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | **ORDER** | |
| Ricky V. Spigner, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

      Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant moves the court to compel the Plaintiff to answer seven interrogatories and twelve requests for production. Also before the court is the Plaintiff's motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In that motion, the Plaintiff moves the court for protection from having to respond to the interrogatories and requests to produce to which it objected. After considering the parties briefs, the court denies the Defendant's motion to compel and grants the Plaintiff's motion for protection.

      This suit arises out of an automobile accident involving a sanitation truck, which was owned by Whitaker Container Services and insured by a commercial automobile insurance policy issued by Plaintiff. Whitaker Container Services was the named insured of the policy, and the Defendant was an employee of Whitaker Container Services. The Defendant was riding on the rear of the sanitation truck when he noticed that another vehicle was about to collide with the truck. In order to avoid being hit, the Defendant jumped down from the truck and began running away from the anticipated collision. Unfortunately for the Defendant, the vehicle swerved to avoid hitting the sanitation truck, and in doing so, it struck the Defendant and injured him.

Plaintiff filed this declaratory judgment action, seeking a declaration from the court that it does not have to provide the Defendant with underinsured motorist coverage under the commercial automobile policy it issued Whitaker Container Services because he was not an "insured" under the policy. According to the parties' briefs, the policy in question states:

> B.   Who Is An Insured
>
> If the Named Insured is designated in the Declarations as:
>
> . . . .
>
> 2.   A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>
> a. Anyone "occupying" a covered "auto" . . . .

(Plf.'s Resp. in Opp. at 3.) The policy further defines "occupying" as "in, upon, getting in, on, out or off." (*Id.*). Based on this language, Plaintiff believes the Defendant was not an insured under the policy because he was not "occupying" the sanitation truck at the time of the accident. Alternatively, if the Defendant is deemed to be an insured under the policy, the Plaintiff seeks a declaration from the court that he is not entitled to stack coverage and that any underinsured motorist coverage is to be offset by any workers' compensation benefits received by the Defendant. In response to the Plaintiff's declaratory judgment action, the Defendant filed his own claim for the court's declaration that he is a Class I insured under the policy and, therefore, entitled to stack underinsured motorist benefits. Therefore, what appears to be before the court is a typical coverage dispute, and the court does not believe the information sought in Defendant's interrogatories numbered 2, 3, 6, 7, 9, and 10, and requests to produce numbered 3, 4, 10–19 are relevant or necessary to the resolution of this suit. Accordingly, it denies Defendant's motion to compel and grants the Plaintiff's motion for protection.

IT IS SO ORDERED.

May 11, 2011                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge